IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2020 FEB -7  P 1: 15
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **BARR DISTRIBUTING COMPANY, INC.,** *et al.*, | * * * |
| Plaintiff, | * Case No.: 2:20-CV-0089 * |
| v. | * JURY DEMAND * |
| **FORD MOTOR COMPANY; et al.,** | * * |
| Defendants. | * |

## NOTICE OF REMOVAL

COMES NOW the Defendant, FORD MOTOR COMPANY ("Ford") and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 removes this action from the Circuit Court of Barbour County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. As grounds thereto, Ford shows unto the Court as follows:

## BACKGROUND OF THIS ACTION

1.  Plaintiffs filed this action on January 6, 2020 and served Ford on July 8, 2020. The case is now pending in the Circuit Court of Barbour County, Alabama. A complete copy of the Complaint along with all state court pleadings are attached hereto as Exhibit "A" and are incorporated herein by reference. The case is being

{02771618.1}                                              1

removed within one (1) year of the commencement of this action and within thirty (30) days of service of the Complaint.

2. According to the Complaint, *eleven (11)* named Plaintiffs purchased *thirteen (13)* 2011-2017 Ford Super Duty pickup trucks ("the subject pickup trucks") from various Ford dealers. The purchase price for these Super Duty pickup trucks ranged from $39,703.37 to $65,280.39. (Compl. ¶ 43.)

3. Plaintiffs allege that Ford engaged in a "scheme" whereby it marketed the subject pickup trucks "as environmentally friendly trucks that combined high fuel efficiency with very low emissions" but "lied to both consumers and regulators because in real world use the diesel engines emitted Nitrogen Oxide (NOx) and other pollutants over legal amounts." (*Id.* at ¶ 30–31.) Plaintiffs further allege that "[a]s part of the fraud and scheme, Ford charged a premium price for vehicles with the 'Power Stroke' engines." (*Id.* at ¶ 45.) Plaintiffs allege that this was part of a scheme to defraud consumers nationwide in which its "top-selling" vehicles "violate federal and state emission standards and protocols and contain 'defeat devices.'" (*Id.* at ¶ 65.)

4. Plaintiffs further allege that the subject pickup trucks contained a "dangerous defect" in that the subject pickup trucks were equipped with defective fuel injection pumps that Ford intentionally concealed to be incompatible with Plaintiffs' use. (*Id.* at ¶ 24, 32, 82.)

5. Each Plaintiff asserts *ten* claims:

- Violation of the Alabama Deceptive Trade Practices Act (ALA. CODE § 8-19-1 et seq.) (Count I);

- Breach of Contract (Count II);

- Breach of Express Warranty (Count III);

- Breach of Implied Warranty (Count IV);

- Buyer's Claim for Damages for Accepted Non-Conforming Goods (Count V);

- Breach of Implied Warranty of Merchantability (Count VI);

- Breach of Implied Warranty of Fitness for a Particular Purpose (Count VII);

- **Violation of the Magnuson-Moss Warranty Act (Count VIII);**

- Violation of the Alabama Extended Manufacturers' Liability Doctrine (Count IX); and

- Fraud (Count X).

(*See generally id.*)

6. Plaintiffs allege that each of their damages include loss of money as well as damages for mental anguish and embarrassment. (*Id.* at ¶ 119.) Plaintiffs also claim they are entitled to recover punitive damages from Ford based on what

{02771618.1}                                          3

they characterize as the "intentional or gross and reckless nature of [Ford's] fraud." (*Id.* at ¶ 120.)

## GROUNDS FOR REMOVAL

7. This case is being removed pursuant to 28 U.S.C. §§ 1331, 1441 and 15 U.S.C. § 2310(d) because it is a civil action seeking relief for breach of warranties under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("Magnuson-Moss" or "MMWA") in which the amount in controversy exceeds $50,000 exclusive of interest and costs.

8. Section 2310(d)(1) of Title 15 of the United States Code provides:

(A) consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—

[ . . . ]

(B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

15. U.S.C. § 2310(d)(1).

9. Paragraph (3) of subsection (d) imposes an amount in controversy requirement on the subject matter jurisdiction of the United States District Court for Magnuson-Moss cases. It states, in part: "No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed

{02771618.1}                                       4

*on the basis of all claims to be determined in this suit* . . . ." 15 U.S.C. § 2310(d)(3) (emphasis added). Plaintiffs' Complaint seeks relief under Magnuson-Moss in an amount which exceeds $50,000.

10. Initially, it is well established in this Circuit that "the removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). In the context of an amount in controversy requirement analysis, it is imperative to consider that in crafting § 1446, "Congress intended to clarify that courts should 'apply the same liberal rules [to removal allegations as] to other matters of pleading.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 87 (2014) (quoting H. R. Rep. No. 100-889, p. 71). As a result, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

15. Magnuson-Moss's amount-in-controversy requirement is straightforward: "No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed *on the basis of all claims to be determined in this suit* . . . ." 15 U.S.C. § 2301(d)(3)(B) (emphasis added).

16.     Eleven Plaintiffs bring eleven Magnuson-Moss claims in the subject lawsuit, each seeking individual relief under Magnuson-Moss. (Compl. at Count VII, ¶ 120.) Plaintiffs apparently seek to sidestep Federal Question jurisdiction by alleging that each Plaintiff does not seek more than $49,900. (*See id.* at ¶ 120.) However, in this case involving *eleven* Plaintiffs each seeking relief under Magnuson-Moss, this attempt is misguided and wholly ineffective to defeat federal jurisdiction.

17.     For Plaintiffs' breach of warranty claims, and thus for their Magnuson-Moss claims, the damages will be the difference between the value of the vehicle as accepted and the value of the vehicle as warranted. *See* Ala. Code § 7-2-714. Plaintiffs allege that the they would not have purchased the subject pickup trucks at all if they had known the trucks were nonconforming. (*See* Compl. ¶ 120.) In fact, Plaintiffs allege that the subject trucks were not merchantable at all. (*Id.* at ¶ 92.) The purchase price for eleven of thirteen of the subject pickup trucks purchased by ten of the Plaintiffs exceeded the $50,000 threshold for Magnuson-Moss jurisdiction. (*See id.* at ¶ 43.) Thus, the amount in controversy for these Plaintiffs vastly exceeds the jurisdictional threshold, even without their additional mental anguish damages claimed or other loss of monies and without the aggregation required by Magnuson-

Moss, as discussed below.[1] *See, e.g., Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1295–1296 (11th Cir. 1999).

18. Plaintiffs also claim "mental anguish and emotional distress." (Compl. at ¶ 49.) While Ford disagrees that Plaintiffs are entitled to these damages from a factual standpoint, such claims for mental damages relate to a state law breach of warranty claim related to the purchase of a new automobile are cognizable under Alabama law. *See Volkswagen America, Inc. v. Dillard*, 579 So. 2d 1301, 1305–06 (Ala. 1991). As such, these damages will also be included in calculating the amount in controversy for Plaintiffs' Magnuson-Moss claims.

18. Moreover, Magnuson-Moss explicitly provides for joinder of individual claims to reach the $50,000 jurisdictional threshold. Indeed, the statute provides that the amount in controversy shall be computed "on the basis of all claims to be determined in this suit." *See* 15 U.S.C. § 2301(d)(3)(B); *see also Abrahram v. Volkswagen of America, Inc.*, 795 F.2d 238, 242 (2d Cir. 1986) ("[I]ndividual claims [by different Plaintiffs] may be aggregated toward satisfaction of the $50,000 requirement...."); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998) (explaining how the Act "allows 100 or more small claims to be litigated

---

[1] As the Eleventh Circuit has held, this Court is not "bound by the plaintiff[s'] representations regarding its claim[s], nor must it assume that the plaintiff[s are] in the best position to evaluate the amount of damages sought." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

in one case, without regard to the anti-aggregation rules in litigation under 28 U.S.C. § 1332")

19. District Courts in the Eleventh Circuit are permitted to make "'reasonable deductions, reasonable inferences, or other extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–1062 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). "Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Id.* at 1061.

20. In this case, eleven Plaintiffs each seek relief under Magnuson-Moss for breach of contract related to thirteen pickup trucks, ranging in price from $39,703.37 to $65,280.39, plus mental anguish damages for each.[2] Thus, there can be no other conclusion that amount in controversy for these eleven claims combined vastly exceed the $50,000 limit imposed by Magnuson-Moss.

21. Accordingly, using, "reasonable deductions, reasonable inferences, [and] other reasonable extrapolations," the amount in controversy for Plaintiffs' Magnuson-Moss claims exceeds $50,000.00. *See Roe*, 613 F.3d at 1062. Thus,

---

[2] Plaintiffs have not provided the purchase price for what would generally be the most expensive of the thirteen pickup trucks from a base price standpoint, the Ford Super Duty F-450 referenced in Paragraph 43 of the Complaint. This statement is based on the representations in the Complaint regarding the remaining twelve pickup trucks.

{02771618.1}                                     8

Plaintiffs' Magnuson-Moss claims could have been filed originally in this Court pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2310(d), as this court has federal question jurisdiction of certain claims asserted by Plaintiffs.

## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

22. All of Plaintiffs' claims, including the state-law claims, are properly removable under 28 U.S.C. § 1367(a), which provides: "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

23. In this matter, Plaintiffs' state law claims arise from the same events, case, and controversy as the alleged Magnuson-Moss violations in that they are inextricably intertwined with and form the basis of the same case or controversy as the Magnuson-Moss claims.

24. Therefore, this Court also has supplemental jurisdiction over all claims asserted in Plaintiffs' Complaint. *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (district court may exercise supplemental jurisdiction over state law claims that constitute "part of the same case or controversy" as claims arising under federal law); *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) ("In deciding whether a state law claim is part of the same case or

controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence.").

## CONCLUSION

25. Ford, by virtue of filing this Notice of Removal, does not waive any defenses or objections available to it under the law.

26. A true and correct copy of this Notice of Removal is being served on Plaintiffs' Counsel on this date.

27. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Barbour County, Alabama on this date.

WHEREFORE, Ford hereby removes this matter to the United States District Court for the Middle District of Alabama, Northern Division.

/s/
J. Bart Cannon (ASB-8733-E52Q)
R. Woods Parker, Jr. (ASB-1509-D67H)
Attorneys for Defendant,
Ford Motor Company

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL 35243
Telephone: (205) 251-1193
Facsimile: (205) 251-1256
bcannon@huielaw.com
wparker@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have conventionally filed the foregoing with the United States District Court, Middle District of Alabama, and I have served a copy of the foregoing on all counsel of record, by electronic notice and/or United States Mail, postage prepaid and properly addressed, on this the 7th day of February, 2020:

Christina D. Crow
JINKS, CROW & DICKSON, P.C.
P.O. Box 350
Union Springs, AL  36089
ccrow@jinkslaw.com

Earl P. Underwood, Jr.
UNDERWOOD & RIEMER, P.C.
21 South Section Street
Fairhope, AL  36532
epunderwood@alalaw.com

_____
Of Counsel